

U.S. Department of Justice

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

March 10, 2005

Thomas Abbenante, Esq.
1919 Pennsylvania, Ave., N.W.
Suite 200
Washington, D.C. 20006

05 cr 208

**FILED**

JUN 2 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   Dashiell Ponce De Leon

Dear Mr. Abbenante:

This letter sets forth the full and complete plea offer to your client, Mr. Ponce De Leon. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. **This plea offer will expire on March 31, 2005.** Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Mr. Ponce De Leon agrees to waive Indictment and to plead guilty to a one-count Information charging a violation of Title 18, United States Code, Section 2319(b)(1) and 17 U.S.C. § 506(a)(1) and (b), (Criminal Copyright Infringement). Mr. Ponce De Leon also agrees to the abandonment of all computer equipment and peripherals and unlawful copies of software, music, and motion pictures seized from his mother's residence, his residence, and from his office on May 14, 2003, as fully delineated in the Abandonment of Property to the United States of America, which document will be entered as part of the record in these proceedings. It is understood that the guilty plea will be based upon a factual admission of guilt to the offense charged to be made before the Court by Mr. Ponce De Leon and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Ponce De Leon agrees that the attached "Statement of Offense" fairly and accurately describes Mr. Ponce De Leon's actions and involvement in this case. It is anticipated that during the Rule 11 plea hearing, Mr. Ponce De Leon will adopt and sign the Statement of Facts as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution**: Mr. Ponce De Leon understands that the maximum sentence that can be imposed is 5 years imprisonment, a fine of $ $250,000.00, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Ponce De Leon understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2003) (hereinafter "Sentencing Guidelines" or "U.S.S.G.").

Mr. Ponce De Leon understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose.

3. **Federal Sentencing Guidelines:** The parties agree that based on the facts currently known to the government, the following is a correct calculation of all relevant Sentencing Guideline factors:

| Guideline Number | Description | Level |
|---|---|---|
| 2B5.3 | Offense: Criminal Infringement of a Copyright | 8 (base) |
| 2B5.3(b)(1)(B) | The infringement amount exceeds $5,000, increase by the number of levels from Table in § 2B1.1 | |
| 2B1.1(b)(1)(I) | Based on infringement amount of $1,154,395.85[1] ("more than $1 million") | 16 |
| 2B5.3(b)(2) | Offense involved the manufacture of infringing items, increase by 2 levels | 2 |
| | Adjusted Offense Level | 26 |

Your client and this Office agree that a sentence within the sentencing range determined pursuant to the Sentencing Guidelines as set forth in this paragraph would be a reasonable sentence for Mr. Ponce De Leon in this case. In the event that this plea offer is either not accepted by Mr. Ponce De Leon or is accepted by Mr. Ponce De Leon but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

---

[1] The infringement amount is the retail value of the infringed items (legitimate items), multiplied by the number of infringing items (illegal copies), where as here, the infringing item is or appears to a reasonably informed purchaser to be, identical or substantially equivalent to the infringed item, or is a digital or electronic reproduction of the infringed item (See U.S.S.G. § 2B5.3, Commentary, Application Note 2(A)(i) (I) and (II).

2

4. **Financial Arrangements**: Mr. Ponce De Leon agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013. Mr. Ponce De Leon also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Abandonment of Property to the United States of America:**

Mr. Ponce De Leon agrees to the abandonment of certain property seized from his residence, from his office, and from his mother's residence on May 14, 2003, detailed as follows:

| Description | Serial Number |
| --- | --- |
| Compaq Presario desktop computer with internal CD writer | Serial # 2H07DCV980ZC. |
| Compaq 5000 model desktop computer with internal CD writer | Serial # 1X14JD4JA080. |
| Emachines CRT monitor Model eView 17f | Serial # MSF334F002717. |
| Canon brand Canoscan N1220U model flatbed scanner | Serial # CZL062627. |
| Linksys 8-port Workgroup Switch model EZXS88W | Serial # RA3302A007809 ADS8 AA. |
| Compaq Presario desktop computer with internal CD writer | Serial # 3D04FG5641D1. |
| MAG Indivision DX890F CRT monitor | Serial # FRWD0A220889U. |
| Philips CRT Monitor Model 109B20 | Serial # 71073158. |
| Compaq A1500 Model Fax-Copier-Printer | Serial # 5POBDGZ5P16J. |
| Sony SDM-X72 17" flat panel LCD computer display with | no visible Serial #. |
| Compaq Model CM350 15" flat panel LCD computer display | Serial # 025BG56PA149. |
| Hewlett Packard computer keyboard | Serial # C981002130. |
| Samsung model SD-612 DVD-ROM drive | Serial # 63FN317378. |
| Compaq brand mouse. | |
| Linksys Etherfast 10/100 Compact USB Network adapter with cable | Serial # 02020100293. |
| Sony USB cradle | Serial # 3HB17OC. |
| Paper bag containing installation CDs, manuals for Compaq desktop computer. | |
| Compaq brand DVD-ROM internal drive | Serial # BDAR136614WL. |
| Microsoft Wireless Optical Mouse. | |
| Toshiba brand Internet telephone control device with cable. | |
| Audiovox USB Cradle with power cable | Serial # 062176159 |
| Toshiba brand converter | Serial # 0052130. |
| MS Windows XP Tablet PC Edition software and case. | |
| RCA brand flash card port | Serial # 993600849. |
| Logitech Cordless Telephone & PC Headset System. | |

3

| | |
|---|---|
| Compaq computer desktop keyboard | Serial # B56980AGAN907U. |
| Compaq pocket PC | Serial # 4G13DW36W3XD. |
| 32MB compact flash memory card and USB connection cradle - | " " |
| Sony memory stick reader/writer | Serial # 3219038. |
| Compaq desktop computer keyboard | Serial # B1C800BCPJDJWE. |
| Compaq computer mouse. | |
| Two Creative brand desktop computer speakers | Serial # SW00161145006555. |
| Canon S450 inkjet printer, misc. cables | Serial # FFA04177. |
| HL Data Storage CD-Rom Drive Model GCR-8481B | Serial # 131587-3303598. |
| Samsung model 955DF flat screen CRT monitor | Serial # PG19H3LN410699W. |
| TDK CD-RW internal disc drive | Serial # B241040A160620. |
| Yamaha brand CD-RW internal disc drive | Serial # FEB0002070. |
| Philips brand CD-RW internal disc drive | Serial # CDD4801/72. |
| Sony Vaio notebook computer, | Serial # 283324303516286, |
|   with cloth carrying case, various cables | |
| Two Sony Vaio desktop computer speakers, | Serial #s 2C2801864 and 2C2900270. |
| Sony Vaio CPU | Serial # 3009378, |
|   with e-Machines keyboard, mouse, and speakers. | |
| Hewlett Packard CD-Writer Plus 9300 Series | Serial # MY0275CCFN. |
| 2Wire Home Portal 100 brand Internet hub | Serial # 500000015567. |
| Sony computer keyboard | Serial # 0059333. |
| Emachines T2240 desktop computer with internal CD writer | Serial # QIP34 D01 01641. |
| SharkHub brand USB multiport to connection Playstation II to a computer. | |
| HL Data Storage CD-R writeable internal computer drive | Serial # 759CB027SNC6D8. |
| Netgear PCMCIA Mobile Adapter Model FA411. | |
| Maxtor External Storage Model # FWRA040PRX00 | Serial # L403CGNC. |
| RCA portable DVD player | Serial # B184PL053. |
| Compaq CD drive | Serial # 6RBN415065. |
| One box containing installation software, manuals, | |
|   and label application device for HP CD-RW drive. | |
| One box containing manuals, installation discs, | |
|   and accessories for HP Pavilion desktop computer. | |
| Toshiba brand Pocket Personal Computer | Serial # 08210254408. |
| Compaq Presario 6000 desktop computer with DVD-RW internal | Serial # 2H27KPX8C01Z. |
| Veo Stingray web camera | Serial # 330VB31X. |
| Westell WireSpeed model modem | Serial # 03B401252906. |
| Epson Stylus C60 printer | Serial # DQQK426762. |
| Digital media containing infringing copies of | |
|   copyright protected software. | |

Mr. Ponce De Leon further agrees to execute an Abandonment of Property, pertaining to the property specified, above. This Abandonment of Property will be entered at the time of the guilty plea.

6. **Reservation of Allocution:** The government reserves its full right of allocution, including, among other things, the right: (a) to inform the presentence report writer of any relevant facts; (b) to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; and (c) to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Ponce De Leon's criminal activities, subject to the provisions of the following paragraph.

If in this plea agreement the government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues. Mr. Ponce De Leon acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose Mr. Ponce De Leon's release pending sentencing, agrees not to oppose a 2-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and a 1-level adjustment for timely notifying authorities of his intention to enter a guilty plea pursuant to U.S.S.G. § 3E1.1(b), and agrees not to oppose a sentence a the bottom of the applicable guideline range, provided that Mr. Ponce De Leon continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Ponce De Leon in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the offenses outlined in the attached Statement of Offense. This agreement not to prosecute Mr. Ponce De Leon does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Ponce De Leon.

8. **Court is not bound:** Mr. Ponce De Leon understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

9. **Breach of Agreement:** Mr. Ponce De Leon agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Ponce De Leon's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Ponce De Leon will not have the right to withdraw the guilty plea; (c) Mr. Ponce De Leon shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Ponce De Leon, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

In the event of a dispute as to whether Mr. Ponce De Leon has breached this agreement, and if Mr. Ponce De Leon so requests, the matter shall be submitted to the Court and shall be resolved by the Court in an appropriate proceeding at which any information provided to the government prior to, during, or after the execution of the plea agreement shall be admissible and at which the government shall have the burden to establish a breach by a preponderance of the evidence.

10. **USAO's Criminal Division Bound:** Mr. Ponce De Leon understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Ponce De Leon.

11. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Ponce De Leon, Mr. Ponce De Leon's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Ponce De Leon may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Ponce De Leon and his counsel.

Sincerely yours,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: 
SHERRI L. SCHORNSTEIN
Assistant United States Attorney

CHRISTOPHER MERRIAM
Trial Attorney
U.S. Department of Justice
Computer Crime and Intellectual
  Property Section

I have read this plea agreement and have discussed it with my attorney, Thomas Abbenante, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: June 22, 2005

Dashiell Ponce De Leon
Defendant

7

I have read each of the eight pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: June 22, 2005

_____
Thomas Abbenante, Esquire
Attorney for the Defendant

I have read each of the eight pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: *June 22, 2005*

*/s/ Thomas Abbenante/*
Thomas Abbenante, Esquire
Attorney for the Defendant

8