UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

            -vs-                                                    Criminal No. 05-208-01 (GK)

**DASHIELL PONCE DE LEON**

        *Defendant*

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

NOW COMES the Defendant, DASHIELL PONCE DE LEON, by and through counsel, THOMAS ABBENANTE with this Memorandum in Aid of Sentencing.[1]

**I. Offense Background**

The defendant by way of a criminal information was charged with Criminal Infringement of a Copyright.

Pursuant to a written plea agreement the defendant entered a plea of guilty to Count I of the Information on the 22nd day of June, 2005.

Sentencing is scheduled for Thursday the 6th of October, 2005 at 4:15 p.m.

**II. Biographical Background**

For purposes of brevity the defendant would state that Part C - Offender Characteristics – of the Pre-Sentence Report is essentially accurate.

---

[1] Mr. Ponce De Leon affirmatively reserves his personal right of allocution at the time sentence is imposed. See Fed. Rules of Crim. Proc., Rule 32 (i) (4).

Mr. Ponce De Leon would emphasize the following positive biographical points:

1. Throughout the pendency of these proceedings the defendant has maintained gainful employment, has been drug free and has attempted to provide assistance to the United States but was unable to do so.

2. The defendant has no prior record.

3. Mr. Ponce De Leon's pre-indictment plea is indicative of his awareness of the seriousness of this transgression and his acceptance of his responsibility for the unacceptable behavior.

### III. Sentencing in the Post-*Booker* Environment

With the decision of the *United States v. Booker,* - U.S. - , 125 S. Ct. 738 (12 January 2005) the Supreme Court declared that the Federal Sentencing Guidelines are now advisory rather than mandatory. The Sentencing Court may look to the Guidelines[2] in calculating a reasonable sentence but the Guidelines are now merely 'advisory' constituting just one factor among many others to be thoroughly considered before imposing a sentence.

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon vs. United States*, 518 U. S. 81, 116 S. Ct. 2035, 2053 (1996).

---

[2] See *United States v. Ebersole*, 411 F. 3d 517 (4th Cir. 2005) citing *United States v. Hughes*, 401 F.3d 540, 556 (4th Cir. 2005).

Pursuant to 18 S.Ct. 3553 (a) the Court in fashioning a sentence is to evaluate all factors so that the sentence imposed is "sufficient but not greater than necessary" to comply with the Sentencing goals. *Ibid.*

The Court must consider the "history and characteristics of the defendant", the "nature and circumstances of the offense," including the "seriousness of the offense." *Ibid.* In addition the statutory factors direct that the Court impose a sentence that promotes respect for the law, provides for just punishment, protects the public from further crimes by the defendant, provides the defendant any necessary treatment, avoids unwarranted disparities between similarly-situated defendants and allows for restitution to the victims of the offense. *Ibid.*

In evaluating these factors the defendant requests that the Court consider that the offense of conviction is a Class D felony and includes no mandatory term of imprisonment. See, 18 U.S.C. Section 3559(a)(4). The Court is therefore free to impose a sentence of probation or one that does not include incarceration. See, 18 U.S.C. Section 3561. The defendant is a first offender and this is not a crime of violence. The Guidelines in this case are driven by the retail value of the infringed item which has caused the guideline calculation to be very high. However, two points should be considered by the Court in this instance. First, Mr. Ponce De Leon was not the individual who initially infringed these copyrights. Secondly, the amount of money that he made as a result of this offense, approximately $192,000.00 over a period of one year and five months, is far less than the retail value used to calculate his guidelines.

3

Throughout the pendency of the investigation of the case and the pendency of these proceedings, since May of 2003, Mr. Ponce De Leon has cooperated with counsel and has offered to cooperate with the United States. He has been in complete compliance with all of the conditions of his pre-trial release. Such positive performance constitutes a significant favorable factor enabling this Court to impose a sentence under the advisory guideline range. These positive factors combined with the defendant's constant employment are indicative that he is not a threat to the community nor will he revert to this socially inappropriate behavior.   Mr. Ponce De Leon's' overall positive behavior significantly outweighs this isolated negative behavior.

With the passage of the Sentencing Reform Act of 1984 Congress stated:

> Since, sentencing decisions should be designed to ensure that prison resources are, first and foremost, reserved for those violent and serious criminal offenders who pose the most dangerous threat to society;
>
> Since, in cases of nonviolent and non-serious offenders, the interests of society as a whole as well as individual victims of crime can continue to be served through the imposition of alternative sentences, such as restitution and community service;...
>
> Sentencing of Nonviolent and Nonserious Offenders; Sense of Congress, Section 239 of Pub. L. 98-473. See 18 USC § 3551, comments.

THEREFORE, for all of the foregoing reasons and for such others that appear just and proper under the circumstances of this offense and the offender, Mr. Ponce

De Leon requests that the Court impose a sentence below the advisory guidelines in this case that is appropriate and in conformity with the sentencing factors and goals set forth within 18 U.S.C. § 3553 (a).

Respectfully submitted,

Date: _____

_____
Thomas Abbenante 227934
1919 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006
202-223-6539

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2005 this pleading was served electronically on Sherri Schornstein, Esquire, Assistant United States Attorney.

_____
Thomas Abbenante