# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>V.<br><br>DASHIELL PONCE DE LEON | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 05-208<br><br>Thomas Abbenante, Esquire<br>Defendant's Attorney |

**FILED**
OCT 1 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

Pleaded guilty to Count 1 on June 22, 2005.

Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title and Section | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|
| 17 USC 506(a)(1) and 18 USC 2319(b)(1) | Crimiminal Infringement of a Copyright | May, 2003 | 1 |

As pronounced on October 6, 2005, the defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the 10th day of October, 2005.

The Honorable Gladys Kessler
United States District Court Judge

Defendant's Soc. Sec. No.: XXX-XX-9826
Defendant's Date of Birth: XX-XX-78
Defendant's USM No.: 4108006JC5
Defendant's Residence and Mailing Address:

Defendant: DASHIELL PONCE DE LEON      Judgment - Page 2 of 4
Case Number: 05-208

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FORTY-SIX (46) months.

The Court makes the following recommendations to the Bureau of Prisons:

    The defendant shall be placed at an institution close to Houston, Texas.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    As notified by the United States Marshal.

The defendant is permitted to report on January 2, 2006.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this Judgment.


_____
United States Marshal

By: _____
    Deputy Marshal

Defendant: DASHIELL PONCE DE LEON                                                                   Judgment - Page 3 of 4
Case Number: 05-208

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of two (2) years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

## STANDARD CONDITIONS OF SUPERVISION

1. You will not leave the judicial district without permission of the Court or probation officer.
2. You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3. You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4. You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
5. You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. You will notify the probation officer at least ten days prior to any change of residence or employment.
7. You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
8. You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
9. You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
10. You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
11. You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
12. As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
13. You will not possess a firearm, destructive device, or other dangerous weapon.

## ADDITIONAL CONDITION:

Pursuant to 42 U.S.C. section 14135a, for all felony offenses, the defendant shall submit to the collection and use of DNA identification while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

The defendant shall submit to drug testing as directed by the Probation Office.

Defendant: DASHIELL PONCE DE LEON
Case Number: 05-208
Judgment - Page 4 of 4

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $100.00 | $1,154,395.85 | $0.00 |

### ASSESSMENT

It is ordered that the defendant shall pay to the United States a special assessment of $100.00 for Count 1, which shall be due immediately.

### RESTITUTION

The defendant shall make restitution in the total amount of $1,154,395.85.

The defendant shall make restitution to the following persons in the following amounts:

| Name of Payee | Payee Address | City, State, Zip | Amount |
|---|---|---|---|
| Business Software Alliance | Attention: John Wolfe, 1150 18th Street, NW, Suite 700 | Washinton, DC 20036 | $1,116,851.20 |
| Electronics Arts Inc. | 12015 115th Avenue, NE Building E, Suite 225 | Kirkland, WA 98034 | $1,244.65 |
| New Tek Incorporated | Attention: Steve Doubleday Chief Financial Officer New Tek Incorporated 5131 Beckwith Blvd. | San Antonio, TX 78249 | $36,300.00 |

The restitution payment is due immediately.

If a victim has received compensation from insurance or any other source with respect to a loss, restitution shall be paid to the person who provided or is obligated to provide the compensation, but all restitution of victims shall be paid to the victims before any restitution is paid to such a provider of compensation.

Unless the interest is waived, the defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 Constitution Ave., N.W., Rm. 1825, Washington, D.C. 20001, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.